BEAM, Circuit Judge,
dissenting.
The court (and the district court as well) seeks to distinguish the indistinguishable. Thus, I dissent.
The binding precedent at work in this case is found in Forbes v. Arkansas Educ. Television Comm’n, 93 F.3d 497 (8th Cir.1996). Forbes (as are the plaintiffs in this case) was a legally qualified candidate for Congress from the Third District of Arkansas. Also, as here, he was shut out of a debate between the Republican and Democratic candidates for the Third District seat televised on Arkansas Educational Television. The basis for the exclusion was that Forbes was not a “viable” candidate.
Chief Judge Richard S. Arnold, for a unanimous panel, rejected, as unconstitutional, this governmental action, saying:
We have no doubt that the decision as to political viability is exactly the kind of journalistic judgment routinely made by newspeople. We also believe that the judgment in this case was made in good faith. But a crucial fact here is that the people making this judgment were not ordinary journalists: they were employees of government. The First Amendment exists to protect individuals, not government. The question of political viability is, indeed, so subjective, so arguable, so susceptible of variation in individual opinion, as to provide no secure basis for the exercise of governmental power consistent with the First Amendment.
Id. at 505.
In my view, there can be no realistic argument advanced that a subjective opinion by a government employee that a candidate is or is not “newsworthy” is different from a subjective conclusion that he or she is or is not “politically viable.” The inquiry involves two peas from the same analytical pod. Forbes *1145 requires us to grant the emergency injunction requested in this case.